**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**BRADLEY J. COZINE,**

    **Plaintiff,**

**v.**                                                                 **No. 11-cv-0932 JB/SMV**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on its Order to Show Cause [Doc. 20] ("OTSC"), issued on February 16, 2012. The case has been referred to the undersigned by the Honorable James O. Browning, United States District Judge, for analysis and a recommended disposition. Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings [Doc. 18].

Having considered the record, the relevant law, and being otherwise fully advised, the Court **FINDS** that Plaintiff has failed to follow orders of this Court and has failed to prosecute his claim. The Court further **FINDS** that such failures have interfered with the judicial process, that Plaintiff is culpable for his failures despite warnings that such failures could result in dismissal of his case, and that lesser sanctions are not expected to be effective. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the Court **RECOMMENDS** that Plaintiff's action be **DISMISSED without prejudice**.

## Background

Plaintiff filed his "Notice of Appeal" in state court on September 21, 2010. [Doc. 2-1]. On Plaintiff's request, the state court scheduled a hearing for September 23, 2011. [Doc. 2-2]. Defendant apparently had never been served with the initial pleading but did receive notice of the hearing. [Doc. 2-3] at ¶ 3. Defendant removed the case to this Court on October 19, 2011. [Doc. 1]. Defendant then filed his Answer on December 2, 2011. [Doc. 10]. The Honorable Carmen E. Garza, United States Magistrate Judge, issued a Briefing Schedule on December 7, 2011. [Doc. 15]. The Briefing Schedule required Plaintiff to file a Motion to Reverse or Remand Administrative Agency Decision ("MRR") with Supporting Memorandum on or before February 6, 2012. *Id.* By February 16, 2012, however, Plaintiff had filed no MRR. Thus, the Court issued the OTSC [Doc. 20], ordering Plaintiff to show cause by March 19, 2012, why his case should not be dismissed for failure to file a MRR, as outlined in the Briefing Schedule. To date, Plaintiff has neither filed a MRR nor responded to the OTSC.

## Analysis

Courts may dismiss an action, on motion by defendant or sua sponte, "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see, e.g., Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (no motion required). Dismissal is a "drastic sanction that should be employed only as a last resort." *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009). In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than dismissal may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 n.3 (10th Cir.

1992). Before dismissing a case under Rule 41, therefore, a court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921(citations, internal quotation marks, and ellipsis omitted) (considering dismissal under Rule 37); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

Here, Plaintiff's failures to prosecute his case and to follow the Briefing Schedule have caused little prejudice, if any, to Defendant because Defendant has not been required to take any action since the Briefing Schedule was issued. However, Plaintiff's failures have interfered with the judicial process because the case cannot move forward without his MRR. Plaintiff's failures have also interfered with the judicial process by requiring the Court to spend time and resources in issuing the OTSC and this Proposed Findings and Recommended Disposition. Third, Plaintiff alone is responsible for his failures to prosecute his case and to comply with the Court's orders; there is no indication in the record otherwise. Fourth, the Court warned Plaintiff in its OTSC that his case may be dismissed unless he showed cause to the contrary. Finally, although lesser sanctions have not been imposed, they would most likely be ineffective because Plaintiff has already neglected several opportunities to prosecute his claim by filing an MRR.

## Conclusion

Plaintiff has failed to comply with the orders of this Court.  Although such failures have not prejudiced Defendants, they have interfered with the judicial process.  Plaintiff is culpable for his failures and was warned that they could result in dismissal of his case.  Moreover, lesser sanctions are not expected to be effective.  The Court prefers to resolve disputes on the merits, but the aggravating factors in this case outweigh such preference.  Thus, pursuant to Fed. R. Civ. 41(b),

**IT IS RECOMMENDED** that this action be **DISMISSED without prejudice**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITH FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 29 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**